NO. 07-10-00288-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 15, 2011

BIENVENIDO ORTEGA, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE CRIMINAL COURT NO. 1 OF TARRANT COUNTY;

NO. 1158036D; HONORABLE SHAREN WILSON, JUDGE

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**OPINION**

After the trial court had overruled appellant, Bienvenido Ortega's, motion to suppress evidence, appellant pleaded guilty to an indictment alleging possession with intent to deliver a controlled substance, methamphetamine, of 200 grams or more, but less than 400 grams.[1]   The trial court sentenced appellant, pursuant to a plea bargain, to confinement in the Institutional Division of the Texas Department of Criminal Justice (ID-TDCJ) for a period of 10 years and assessed a fine of $500.  Appellant perfected his

---

[1] See TEX. HEALTH & SAFETY CODE ANN. § 481.115(e) (West 2010).

appeal and contends that the trial court committed reversible error when it overruled his motion to suppress the evidence. We affirm.

## Factual and Procedural Background

In May of 2009, the Tarrant County Narcotics Unit executed a search warrant on the home of Ronald Gore. In the search that followed, deputies seized controlled substances and cash. As a result of the search, Gore and his wife were arrested and taken to jail. Subsequently, Gore, with the assistance of his attorney, entered into an agreement to become a confidential informant to Deputy Doug Deweese. After agreeing to become a cooperating witness, Gore was asked if there were any other drugs at his home of which he needed to advise the deputies. Gore replied that, while in jail, an additional amount of marijuana, methamphetamine, and a gun had been delivered to his home. Deputies were able to retrieve the additional contraband, which were located where described by Gore.

Gore testified at the suppression hearing that, after getting out of jail, he got a call from appellant stating that he, appellant, was coming from Dallas to Fort Worth bringing Gore an additional one-quarter to one-half pound of methamphetamine. Gore contacted Deweese and provided the deputies with an accurate description of appellant, the color and make of the vehicle appellant would be driving, how the contraband would be stored, where the delivery was to take place, and the time of the delivery. Gore indicated that appellant's brother would be a passenger in the vehicle with appellant. However, this fact turned out to be incorrect as another unrelated person was in the vehicle with appellant.

Based upon the information provided by Gore, Deweese and other deputies went to the indicated location and awaited appellant's arrival. According to Deweese, appellant appeared exactly where Gore said he would and within five minutes of the exact time Gore advised appellant would appear. Based upon the information provided by Gore, appellant was detained, and the vehicle was searched. Two bags of suspected crystal methamphetamine were located in a metal box which was attached by magnets to the console of the truck appellant was driving. Appellant was arrested and indicted for the offense of possession of a controlled substance, methamphetamine, in an amount of 200 grams or more, but less than 400 grams.

Subsequently, appellant filed a motion to suppress the results of his detention and search of his truck. The trial court conducted an evidentiary hearing regarding the detention and search and ruled that the search was supported by probable cause to believe that appellant was engaged in or about to engage in the commission of a felony offense. Therefore, the trial court overruled appellant's motion to suppress. At the hearing on the motion to suppress, the trial court dictated findings of fact and conclusions of law. These were subsequently reduced to writing, and the trial court signed the findings and conclusions and had them filed in the record of these proceedings.

After the trial court overruled his motion to suppress the evidence of the search, appellant entered a plea of guilty pursuant to a plea bargain and was sentenced to serve a term of confinement of ten years in the ID-TDCJ and pay a fine of $500. Appellant gave notice of appeal, and the trial court certified appellant's right of appeal as to the trial court's ruling on the motion to suppress the evidence seized during the

search of appellant's truck. Appellant brings forth four issues, which when read carefully are all complaining that the trial court erred in finding that there was probable cause for the officers to detain appellant and search his truck. We will affirm the trial court's ruling.

## Standard of Review

To review the denial of a motion to suppress, we apply a bifurcated standard of review. See Hubert v. State, 312 S.W.3d 554, 559 (Tex.Crim.App. 2010). We review the trial court's application of the law to the facts *de novo*. Id. However, we defer to the trial court's determination of credibility and historical fact. Id. Because the trial court is in the position to see the witnesses testify and to evaluate their credibility, we must view the evidence in the light most favorable to the trial court's ruling. See Wiede v. State, 214 S.W.3d 17, 24-25 (Tex.Crim.App. 2007). Where a trial court has made findings of fact, as is the case here, we review the record to determine whether the evidence, viewed in the light most favorable to the trial court's ruling, supports the fact findings entered. See State v. Kelly, 204 S.W.3d 808, 818 (Tex.Crim.App. 2006).

## Applicable Law

That the search in question was conducted without a warrant is not an issue, and, therefore, such a search is *per se* unreasonable. See Wiede, 214 S.W.3d at 24. However, there is an exception for vehicles if the officer has probable cause to believe the vehicle in question contains contraband. Id. "Probable cause exists when the totality of the circumstances allows a conclusion that there is a fair probability of finding contraband or evidence at a particular location." Dixon v. State, 206 S.W.3d 613, 616

4

(Tex.Crim.App. 2006). Dixon applied the totality of the circumstances analysis promulgated by the United States Supreme Court in Illinois v. Gates, 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). The Gates test did away with the rigid two prong analysis of "veracity" and "basis of knowledge" previously used in Aguilar v. Texas, 378 U.S. 108, 114, 84 S.Ct. 1509, 12 L.Ed2d 723 (1964). Under Gates, the analysis of the two prongs is not considered serially and independently, but rather as relevant considerations in the totality of the circumstances analysis of probable cause. Dixon, 206 S.W.3d at 616.

Analysis

Our analysis must begin with the evidence presented at the hearing on appellant's motion to suppress the evidence of the search. That evidence was primarily outlined in the "Factual and Procedural Background" section of this opinion. Additionally, we must add that the trial court did file findings of fact in this case. First, the trial court made oral findings and then reduced those findings to writing and filed them in this record. The trial court found the following facts:

1. Pursuant to a search warrant, the police searched confidential informant Mr. Gore's house which revealed the presence of drugs.

2. Informant Gore was arrested on May 5, 2009.

3. At the time of his arrest, Informant Gore met with Tarrant County Narcotics Unit investigator Deputy Doug Deweese.

4. Informant Gore, in consultation with his attorney, entered into a written agreement with Investigator Deweese to provide the location where drugs would be found (i.e. a drug bust) to work off the case for him and his wife.

5. When asked if there was anything else Informant Gore needed to tell the officer, Informant Gore revealed the presence of additional drugs at the

5

house that had not been seized during the execution of the search warrant.

6. On May 14, 2009, after additional conversations with the investigator, Informant Gore gave police information about the drug conveyance that is the subject of this lawsuit. He stated that he knew the drug deliverer to be the Defendant, Mr. Bienvenido Ortega. He gave the description of a specific location, vehicle and time as well as a specific description of the defendant, who would be with the defendant, and a specific description of the packaging for the drugs.

7. Based on Informant Gore's precise descriptions and the fact that Informant Gore had given self-incriminating evidence, the investigator believed Informant Gore to be a credible and reliable informant.

Based on our review of the record, we find that all of the findings made by the trial court are supported by the testimony before the trial court at the suppression hearing. The single exception is the finding as to the person riding with appellant in the truck. Gore misidentified that person to be appellant's brother, and it was later shown that it was an employee of appellant, not his brother.

Having found the findings supported by the record, we now turn to the question of the initial detention of appellant. When appellant drove up to the location that Gore said he would come to, he was almost immediately detained by the deputies. Did the deputies have reasonable suspicion to detain appellant and then did the facts provide probable cause to search the truck?

Reasonable suspicion to stop and detain a person for the purposes of investigating possible criminal behavior requires only that the officers have specific and articulable facts, which taken together with rational inferences from those facts reasonably warrant the intrusion. See Terry v. Ohio, 392 U.S.1, 21, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). This is a lesser burden on the officers than probable cause which

6

requires that the totality of the circumstances form a conclusion that there is a fair probability of finding contraband or evidence at a particular location. See Dixon, 206 S.W.3d at 616. We point this out because, in an attempt to granulate the issues, appellant seems to try to draw a distinction between the initial detention and the search. Suffice it to point out that if there are facts enough to provide probable cause, then there are facts sufficient to support reasonable suspicion.

The analysis of the facts supporting probable cause turns on the indicia of reliability of the informant Gore. The record supports that although Gore had only been a confidential informant for a short period of time and, in fact, there were no other instances of him providing information that proved to be accurate, there were indicia of reliability on which the deputy was entitled to rely. Specifically, there is the revelation to the deputy about other drugs that had come into Gore's possession after the initial search warrant had been executed. This act of self-incrimination by Gore provides some of the indicia of reliability. See Abercrombie v. State, 528 S.W.2d 578, 584-85 (Tex.Crim.App. 1975) (op. on reh'g) (finding that admission against penal interest, when combined with verified details, was sufficient to provide reliability); Marsh v. State, 2007 Tex. App. LEXIS 2931 at *5-*6 (Tex. App.—Amarillo 2007, pet. ref'd) (not designated for publication) (statement against penal interest when combined with other facts provides credibility); Montgomery v. State, 2005 Tex. App. LEXIS 3467 at *12 (Tex.App.—Fort Worth 2005, pet. ref'd) (not designated for publication) (a statement against penal interest is inherently credible and may be sufficient, in and of itself, to establish probable cause). Not only is there the self-incrimination aspect, but also, the record reflects the details of how the post-warrant drugs were left and hidden exactly as Gore had advised

Deweese.  This provided Deweese with enough of a sense of reliability to allow the deputy to set up and observe the meeting place for appellant's appearance.

Next, the record reveals and, the trial court so found, that the details Gore had provided of appellant's appearance were confirmed.  These are what appellant contends are innocent details that do not provide any type of probable cause.  However, appellant's contention ignores the fact that, while some detailed facts might be acquired by common knowledge, such as the color and make of appellant's truck, others are limited to this precise criminal episode, such as the exact time and place of appellant's arrival to conclude the transaction.  Appellant would say that he had to come to Gore's location on business to pick up a check.  However, there is nothing in the record that would indicate that picking up a check would be done at a meeting place away from Gore's office, which the record shows was at his residence.  The wealth of verifiable detail that Gore provided help offset the lack of a proven track record in a totality of the circumstances analysis.  See Dixon, 206 S.W.3d at 617-18.

Based on the totality of the circumstances, we find that the decision of the trial court was correct.  See Gates, 462 U.S. at 238; Dixon, 206 S.W.3d at 616.  Accordingly, we overrule appellant's contentions to the contrary.

Conclusion

Having overruled appellant's contentions, the trial court's judgment is affirmed.


Mackey K. Hancock
Justice


Publish.

8